**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN PONGRATZ and,<br>ALEESHA PONGRATZ,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA KELLEY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:26CV02078<br><br>JUDGE JOHN R. ADAMS<br><br>MEMORANDUM OF OPINION AND ORDER |

*Pro se* Plaintiffs Shawn and Aleesha Pongratz filed this action under 42 U.S.C. § 1983 against Tuscarawas County, and Tuscarawas County Job and Family Services ("TCJFS") employees Melissa Kelley, Monique Bricken, Jason Hamric, Jaime Grunder, and Jane Doe. In the Complaint, Plaintiffs allege that the Defendants removed their children from their home and placed them in the temporary custody of the State. They allege that the Defendants did not have cause to remove the children from their home or to continue the temporary custody arrangement. They assert claims for violation of their Fourth and Fourteenth Amendment rights. They seek monetary damages but ask the Court to administratively stay these proceedings while the State Juvenile Court case is pending.

## I. Background

Plaintiffs allege that they are the biological parents of four minor children. In August 2024, TCJFS received a report that Plaintiffs' children were living under less than ideal

conditions. On August 27, 2024, TCJFS Case Worker Melissa Kelley went to Plaintiffs' home to investigate the report. The Plaintiffs indicate that they were told the allegations concerned the lack of bed frames on the children's beds. They claim Kelley did not tell them that the report also had allegations of domestic violence, physical abuse, substance dependency, and other conditions that would give rise to immediate safety concerns. Kelley asked Plaintiffs for permission to come inside the home and interview the children. Plaintiffs refused and told her she would not be permitted inside the home without a court order.

Kelley then went to the Tuscarawas County Juvenile Court on August 28, 2024 and obtained an Order of Access, claiming she had received reports of ongoing domestic violence, active child abuse, systemic neglect and severe drug abuse within the home. Plaintiffs dispute these accusations. That same day, Kelley and Case Worker Monique Bricken returned to Plaintiffs' residence with the Order of Access. They were accompanied by Tuscarawas County Sheriff's Deputies as well as New Philadelphia Police officers. Plaintiffs claim the Order of Access only gave the Defendants authority to enter the home and interview the children. They claim that the Defendants exceeded that authority by removing the children from the home. They contend that the Defendants did not offer them preventive services to avoid removal and coerced them to sign a "Safety Plan" with the threat that their refusal to sign would result in the children's placement in foster care. They state they revoked their consent to the Safety Plan on September 4, 2024, and demanded immediate return of the children, but the Defendants refused to do so and instructed local law enforcement to arrest them if they attempted to retrieve the children.

Plaintiffs allege that although Ohio law requires an emergency shelter care hearing to be held within 72 hours of the children's physical removal from the home, the Defendants did not

file a formal complaint in Juvenile Court until September 30, 2024. They contend they informed the Court that they had retained counsel and asked for a continuance so that their attorney could be present. They claim the Court denied the request and conducted the hearing, resulting in an award of temporary custody to TCJFS. They further claim that the Judge had a conflict of interest because he previously had served as a criminal defense attorney for one or both of the Plaintiffs. They contend that the Magistrate Judge had pre-determined the outcome of the hearing and informed them that she intended to find the children to be dependent and neglected. She offered to dismiss the abuse allegations on the condition that the Plaintiffs drop their defenses and agree to the agency's case plan. Plaintiff's claim that although the case plan required the children to remain in their current schools in Tuscarawas County, the Defendants authorized one of the children to be enrolled in a completely different school without their consent. They also contend that two of their children were given medical treatment without their consent. Finally, they claim that the Defendants violated court orders by allowing them to visit with only two of their four children.

Plaintiff's claim the Defendants' actions constitute a violation of their Fourth Amendment rights to be free from unreasonable searches and seizures, and their Fourteenth Amendment rights to due process when they were denied a 72-hour hearing, were subjected to "judicial deception and bad-faith fabrication of the case timeline and drug test results," and were denied a fundamental right of family integrity. They seek monetary damages. They

acknowledge that the Juvenile Court proceedings are still pending and ask this Court to stay this action until the Juvenile Court case is resolved.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971) prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights. *Id*. *Younger* abstention is not a question of jurisdiction but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc*., 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court

intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The Juvenile Court case is still pending in the Tuscarawas County Juvenile Court, and this Court acknowledges that state court child custody matters are of paramount state interest. *See Ankenbrandt v. Richards,* 504 U.S. 689, 704 (1992); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794-98 (6th Cir. 2015). Plaintiffs challenge the merits of the allegations supporting the initial removal of the children and their continued placement in the custody of the state. They also challenge decisions made by the Juvenile Court Judge and Magistrate Judge. These claims go to the heart of the pending state Juvenile Court case.

The third requirement of *Younger* is that Plaintiffs must have an opportunity to assert their federal challenges in the state court proceedings. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiffs to demonstrate that state procedural law bars presentation of their claims. *Pennzoil Co*., 481 U.S. at 14. Plaintiffs have not alleged facts suggesting they do not have the opportunity to raise their federal claims, either in the Juvenile Court or on appeal if they are not satisfied with the final decision in the case.

Therefore, the Court finds that the *Younger* doctrine applies and requires federal abstention in this case. Accordingly, this matter is DISMISSED.

IT IS SO ORDERED.

**Date: November 10, 2026**

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE